MICHAEL RAY PREWITT, BY HIS NEXT FRIEND, GERALD PREWITT, v.
MILLARD CALVIN DOVER AND THOMAS CADILLAC, INC., A COR-
PORATION.

(Filed 22 March, 1967.)

**Appeal and Error § 3;    Pleadings § 18—**

A complaint alleging that the driver of the other car involved in the
collision was guilty of acts constituting actionable negligence and that
the corporate defendant was liable for the individual defendant's negli-
gence under the doctrine of *respondeat superior* and on the ground that
the corporate defendant was negligent in entrusting the operation of the
car to defendant driver whom it knew to be an incompetent and reckless
driver, states a single cause of action, and the dual theory of the cor-
porate defendant's liability cannot constitute a misjoinder of parties;
therefore the order of the trial court overruling defendants' demurrer is
not appealable, notwithstanding defendants' averment that the demurrer
was for misjoinder of parties and causes of action.

APPEAL by defendants from *Riddle, Special Judge,* November
21, 1966 Regular "B" Civil Session of MECKLENBURG.

Plaintiff's action is to recover damages for personal injuries and
property damage resulting from a collision in Charlotte, North Car-
olina, on August 18, 1965, about 9:30 p.m., between a 1955 Chev-
rolet, owned and operated by plaintiff, and a 1962 Cadillac, owned
by the corporate defendant and operated by the individual defend-
ant.

Plaintiff alleges the collision and his injuries and damage were
proximately caused by the actionable negligence of Dover. He al-
leges the corporate defendant is liable for Dover's negligence, first,
on the ground that Dover was its agent, acting within the scope
of his agency; and second, on the ground that the corporate de-
fendant knew, or by the exercise of due care should have known,
that Dover, to whom it entrusted the operation of its car, was an
incompetent and reckless driver.

A motion by defendants to strike designated allegations from
the complaint was denied by Judge Froneberger and defendants ex-
cepted.

Defendants filed a *joint* demurrer entitled, "Demurrer for Mis-
joinder of Parties and Causes." Thereafter, subject to said demur-
rer, defendants filed *separate* answers.

A motion by plaintiff to strike designated portions of the an-
swer of the corporate defendant was allowed by Judge Riddle.

After a hearing on November 23, 1966, Judge Riddle overruled
defendants' said demurrer. Defendants excepted and gave notice
of appeal.

*A. A. Bailey and Gary A. Davis for plaintiff appellee.*

*John H. Small, J. Donnell Lassiter and Kennedy, Covington, Lobdell & Hickman for defendant appellants.*

PER CURIAM. Under our Rule 4(a), 254 N.C. 785, this Court will not entertain an appeal (1) "(f)rom an order overruling a demurrer except when the demurrer is interposed as a matter of right for misjoinder of parties and causes of action," or (2) "(f)rom an order striking or denying a motion to strike allegations contained in pleadings." Defendants did not petition for *certiorari*.

Obviously, the order of Judge Froneberger denying defendants' motion to strike, and the order of Judge Riddle allowing plaintiff's motion to strike, are not appealable. Defendants, treating the order overruling their demurrer as appealable as a matter of right, attempt to bring forward, incident to such appeal, assignments of error relating to adverse rulings on the motions to strike.

Defendants assert, in their brief as in their demurrer, there is a misjoinder of parties and causes of action. However, their contention, in brief and on oral argument, is that the complaint improperly joins, without separate statement thereof, two causes of action. This contention is without merit. The complaint alleges one cause of action for all damages plaintiff sustained on account of the negligence of defendants as the result of a single automobile collision.

Under plaintiff's allegations, actionable negligence of Dover is a prerequisite to plaintiff's right to recover against the corporate defendant whether its asserted liability is based on *respondeat superior* or on negligence in entrusting the operation of its car to Dover.

Whatever the ground of the corporate defendant's liability, if any, for the actionable negligence of Dover, there is no basis whatever for contending there is a misjoinder of parties. If it were (but is not) conceded the complaint alleges two causes of action, the controversy in each would be between plaintiff on the one hand and *both* defendants on the other hand. The assertion there is a misjoinder of parties *and* causes of action is without substance. The mere fact that the demurrer is entitled, "Demurrer for Misjoinder of Parties and Causes," and contains an assertion that there is a misjoinder of parties *and* causes of action, is insufficient basis for an appeal as a matter of right from an order overruling such demurrer. Hence, defendants' purported appeal must be and is dismissed.

Appeal dismissed.